UNITED STATES DISTRIC TCOURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION


UNITED STATES OF AMERICA,　)
　　　　　　　　　　　　　　　　)
　　　　　　　　Plaintiff　　　)
　　　　　　　　　　　　　　　　)　　CAUSE NO: 1:12-CR-00133-011-SEB-TAB
　　　　　VS.　　　　　　　　　)
　　　　　　　　　　　　　　　　)
MICAHEL FOLEY　　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　　　Defendant　　　)


## SENTENCING MEMORANDUM


Comes now the Defendant Michael Foley by counsel, and submits his Sentencing

Memorandum and asks the Court to give it due and fair consideration prior to and at the

sentencing now scheduled for November 27, 2013at 10 AM.


## THE OFFENSE CHARGED

On August 15, 2012, Michael Foley was charged in Count I in an Indictment alleging that

Michael Foley did knowingly conspire with other named defendants to possess with the intent to

distribute and/or distributed 50 grams or more of methamphetamine in violation of 21 U.S.C.

Section 841 (a) (1) and Section 846 from a period around June, 2011 to August, 2012.

Mr. Foley was arrested on August 22, 2012. On August 27, 2012 he knowingly waived

the detention hearing and has remained in custody of the United States Marshall since that date.


The Government's evidence shows that during the course of the conspiracy Oscar Perez

and Justin Adler organized and ran a methamphetamine distribution operation from the Indiana

1

Department of Corrections. Wire-taped conversations over cellular phones used by Justin Adler, Oscar Perez and Michael Foley provide evidence that Michael Foley was a distributor of methamphetamine for Justin Adler. On June 27, 2012 a series of telephone conversations between Adler and Foley show that Foley along with Haley Brooks-Miller and Amber Rice were to travel to Elkhart, Indiana to obtain a large amount of methamphetamine. Several recorded conversations between Adler and Foley before, during and after the drug transaction demonstrate that a large quantity of methamphetamine was obtained by Foley in Elkhart, Indiana. That the methamphetamine was originally obtained in one large package and that Foley, with the assistance of Rice and Brooks-Miller, broke the large package into several smaller packages. While en-route back to Indianapolis, the vehicle with Rice, Foley Brooks-Miller and the illegal drugs was stopped by Indiana State Troopers for speeding. The officers recovered from vehicle 109.1 grams of methamphetamine of which 90 grams was pure methamphetamine.

Upon questioning by authorities, Mr. Foley admitted his involvement in the possession and distribution of methamphetamine and heroin. There is no evidence that Foley obstructed or attempted to impede justice during this investigation.

## PLEA AGREEMENT

On May 3, 2013 Michael Foley filed his Petition to Plead Guilty along with an executed plea agreement. The relevant parts of the plea agreement provide as follows;

(1)     Mr. Foley agrees to enter a plea of guilty to Count I of the indictment.

(2)     Mr. Foley understands that since the government filed an information pursuant to 21 U.S.C. Sect. 851 and upon a finding by the court that the allegations contained in that

information are true, the penalties are increased to a term of imprisonment of not less than twenty (20) years but not more than life, a fine of up to $20,000,000.00 and a term of supervised release of not less than ten (10) years.

(3)    The sentence is at the discretion of the Court within the statutory range set out in paragraph two above and the Court will consider those relevant factors set forth in 18 U.S.C. Sect 3553 (a) in fashioning his sentence.

(4)    Michael will pay a total of $100 on the date of sentencing to the Clerk of the United States District as the mandatory special assessment fee imposed pursuant to 18 U.S.C. Sect 3013.

(5)    The parties further agree that, in the event the guidelines calculated falls below a statutory minimum term of imprisonment the statutory minimum term becomes the guideline sentence.

(6)    The Government has agreed, as consideration for the plea for guilty in this case, not to file a second information pursuant to 21 U.S.C. Sect 851 alleging that Michael has a second felony drug conviction.  Mr. Foley agrees and acknowledges that upon the filing and proof of a second sect 851 information the minimum penalty would be a mandatory term of life imprisonment.

(7)    Mr. Foley waives the statutory rights to appeal the sentence and conviction.

## PRESENTENCE REPORT

Mrs. Foley has met with counsel and fully reviewed the Pre Sentence Report filed in this cause.  In that the Probation Officer submitted corrections relating to the amount of drugs in the conspiracy, he has no objections to that report and has no corrections and/or additions to submit.

The presentence author correctly determined that Mr. Foley falls into the Criminal History Category VI with 21 criminal history points.

The presentence author's guideline calculation range is consistent with that as calculated by the defense, more specifically, the total offense level after all applicable reductions is a total offense level  35 with a sentencing range between 292-365 months.

The presentence author correctly states that Mr. Foley has no present income or assets and therefore does not have the ability to pay fine within the guideline range.

## THE APPROPRIATE SENTENCE

Pursuant to United States vs. Booker (2005) 543 US 220, 125 S.Ct.738, at page 23, held "the District Court, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing". The Court is charged with the responsibility of fashioning a sentence that is sufficient, but not greater than that necessary, to comply with 18 U.S.C. Sect 3553(a). The Court is charged with imposing a reasonable sentence that takes into consideration the nature and circumstances of the offense; the need for the sentence to reflect the seriousness of the crime; to promote respect for the law; to provide a just punishment that

provides for adequate deterrence and protection to the public; to provide needed educational, vocational, medical care or other correctional treatment; and, finally, to avoid sentencing disparity between others who have been found guilty of similar conduct.

## 18 U.S.C. Section 3553 (a) CONSIDERATIONS

The factors set forth In 18 U.S.C. 3553 (a) include the following;

(1) The nature and circumstances of the offense and the history and the characteristics of the defendant;

(2) The need to impose a sentence sufficient, but not greater than necessary, to provide for the need for judges to impose sentences that reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford deterrence, protect the public, and effectively provide the defendant with the needed educational, vocational training and medical care;

(3) The kinds of sentence available;

(4) The sentencing range of the applicable category of the offense committed by the applicable category of defendant;

(5) The pertinent Sentencing Commission policy statements;

(6) The need to avoid sentencing disparities; and

(7) The need to provide restitution to the victims.

Foley asks the court to consider the following in fashioning an appropriate sentence;

(1)    **The nature and circumstances of the offense and the history and the characteristics of the defendant, ( Sect 3553 (a) (1) );**

      The history of Michael Foley, as set out in the Pre Sentence Report, reveals a young man negatively impacted by his parents divorce at age 16 and the subsequent instability from moving back and forth between parents. Still, Michael reports a "wonderful" childhood absent of abuse and neglect and indicates his parents were hard workers and good providers.  No one else in Michael's family has had arrests and convictions.

      Michael reports the first use of marijuana at age 14 and the first use of cocaine at age 16. At age 17 he began to use heroin which evolved into daily use and a $100 a day habit.  Michael reports that heroin became "a regular" part of his life and that he could not function without it. It was at this age of 17 that he used methamphetamine for the first time but didn't begin the regular use of meth until 2004. He learned that the two drugs counteracted each other, the methamphetamine giving the high and the heroin supplying the counteracting low.

      The Pre Sentence Report at paragraph 79 accurately recites Michael's attempts to get clean from drugs beginning in 1999 up until as late as August 21, 2012 which includes a  long list of treatment centers, drug programs, half-way houses and in-patient treatment.  Michael's mother reported at least three or four over-doses and at least one suicide attempt by over-dose in 2002.

It is a sad, tragic history and a vivid example of the power of drug addiction and horrible grip it has on the individual and the devastation it plays on the supporting families.

      Michael's lengthy criminal history begins with substance abuse as a juvenile by under-age drinking and evolves, not surprisingly, and in direct relation to his drug habit.  All of Michael's offense are either fueled by the illegal use of drugs or driven by the need to obtain

money to finance his out-of-control habit. None of his offenses are violent by nature. The PSI appropriately noted in paragraph 111 that Michael is a "life-long" heroin addict whose motivation for participation in the conspiracy was to further his addiction rather than financial greed. The letters of support describe Michael Foley's two personalities, one on drugs and one off. The Michael Foley that is "off drugs" is intelligent, caring and responsible while the Michael Foley "on drugs" is griped by an out of control addiction. There has been no assertion or evidence that Michael Foley is a leader, organizer or supervisor of this drug conspiracy, see paragraph 29 Presentence Investigation Report, page 8. The court may take into consideration the nature of the defendant in fashioning an appropriate sentence, see *United States v Ellis*, 440 F. 3d, 434,438 (7th Cir 2006) affirming a low-end guideline range where the court took into consideration the good character as well as the individual health and family circumstances of the defendant.

It is well settled in the scientific community that severely addicted drug offenders have a brain disease that is chronic and causes compulsive drug seeking and use despite harmful consequences both to the individual who is addicted and to those around the addict, see National Institute on Drug Abuse (2007), *Drugs, Brains and Behavior, The Science of Addiction.* National Institute of Health Publication Number 07-5605, Page 5. This study also notes "while the initial decision to take drugs is usually voluntary, the repeated use of the addictive drugs eventually changes how the brain functions. These brain changes affect the natural inhibition and reward centers, causing the addict to use drugs in spite of the adverse health, social and legal consequences…… Further, the addict's ability to exert self-control and make sound decisions is seriously impaired because the brain has become impaired. Brain imaging studies from the drug-addicted individuals show physical changes in the areas of the brain that are critical to judgment,

learning, memory and behavior control.  Drug addiction research demonstrates that the behavior

of addicts is not an indication that an individual is morally flawed, and therefore stopping drug

abuse is not simply a matter of willpower.


(2)     **The need to impose a sentence sufficient, but not greater than necessary, to provide**

**for the need for judges to impose sentences that reflect the seriousness of the offense,**

**promote respect for the law, provide just punishment, afford adequate deterrence, protect**

**the public, and effectively provide the defendant with the needed educational, vocational**

**training and medical care ( Section 3553 (a)(2) );**


In the instant case, the  Assistant US Attorney Glickman filed the first Section 851 filing

shortly after the case was filed against Foley and counsel for Foley received the guilty plea offer

and the Section 851 filing on the same day in October, 2012.  The plea offer used the possibility

of filing the second Section 851 filing increasing the mandatory minimum to a life sentence as

incentive to force acceptance of the plea.  The mandatory minimum controlling this case is, by

statute,  240 months and, certainly, the imposition of a 240 month sentence is by no means a

light sentence. Recently, US Attorney General Eric Holder, in a speech to the American Bar

Association delivered on August 12, 2013, changed internal policy to recognize that mandatory

minimum drug sentences, especially in low level, non-violent drug offenders often result in

unfairly long sentences. In restating internal policy Attorney General Holder stated;

"This is why I have today mandated a modification of the Justice Department's charging

policies so that certain low-level, non-violent drug offenders who have no ties to large scale

organizations, gangs, or cartels will no longer be charged with offenses that impose draconian

mandatory minimum sentences. They will now be charged with offenses for which are better suited to their individual conduct, rather than excessive terms more appropriate for violent criminals or drug kingpins."

Michael Foley is not a violent criminal or a drug kingpin. Foley's prior criminal offenses are predominantly drug related offenses for possession of controlled substances or offenses that were driven by his need to obtain money to support his habit ( theft offense for stealing money from his grandmother, PSI rhetorical paragraph 43, page 11). Other than a misdemeanor battery committed while in the Porter County Jail (PSI rhetorical paragraph 44, page 12), Foley's record is non-violent. There is no evidence that he has connections to large scale drug organizations, is a part of gang activity or connected in any way with a drug cartel.

The filing of the first Section 851 doubles the mandatory minimum in his case for a prior unrelated drug conviction. The US sentencing Guidelines at Criminal History category VI penalizes him further for the balance of his past criminal conduct, all non-violent drug related offenses. The quantity of drugs in the entire conspiracy drives the guideline calculations in Foley's case, one of the considerations that US Attorney General Holder instructed the field offices to exercise discretion in their filing decisions.

The sentencing issue here, as raised by Attorney General Holder in redefining internal policy for charging and enhancement decisions, is what is the appropriate sentence for a defendant such as Michael Foley? No reasonable person would believe that a mandatory life sentence for Michael Foley would have been an appropriate sentence yet he was one Section 851 filing away from such a harsh and disproportionate disposition. His prior criminal history and record of prior drug conviction has increased his minimum exposure to 20 years. For a person who is as severely addicted as Foley is there an actual, meaningful difference between the

mandatory minimum sentence of 240 months as compared to the low-end guideline range of 292 months, or the additional months of incarceration up the guideline top end range of 365 months?. Will the additional 52 months or greater serve any purpose either to the ends of justice, overall protection of the community or to the rehabilitative efforts of Michael Foley.  The studies of long term incarcerated severe drug abusers suggests otherwise.  In a study by the Colorado Coalition for Sentence Reform entitled *Correctional and Sentencing Reform for Drug Offenders*. (September 2009) the following observation relating to incarceration of severe drug offenders is made, page 34 of the study;

> "Incarceration and community supervision alone have little positive impact on recidivism rates and desistence from crime (Solomon et.al.2005;Maruna and Toch, 2005). In a review of the research of the impact of imprisonment on the desistence process, Maruna and Toch concluded that the experience of imprisonment alone is "largely irrelevant to the subsequent offending patterns of individuals." Maruna and Toch, H (2005) The impact of imprisonment on the desistance process, *Prisoner and crime in America,* Travis, J. and Visher, C. (eds) Cambridge University Press New York, NY page 140.

Treatment and long term after care is the most successful approach to severe drug addiction.


Michael, who is presently 32 years old, if sentenced to a 240 month term, assuming all applicable good time credit,  would be 50 years of age or older  upon his release.  The imposition of 240 month sentence not only allows more than ample time for rehabilitation but addresses the additional concerns in 18 U.S.C. 3553 relating to deterrence and protection of the community

against additional future crimes. The court may consider the age of the defendant upon release as it relates to the possibility of him committing future offense, *United States v Carter*, 538 F.3d 784,791 (7th Cir. 2008). Other than warehousing the problem, what will be accomplished in Michael's rehabilitation process or how will the community be better protected against future crimes by a sentence that exceeds the mandatory minimum of 240 months?

(3)     **The need to avoid sentencing disparities among defendant with similar records who have been found guilty of similar conduct.**

Foley asks the court to take notice of the fact that Jose Garcia, listed fifth on the indictment and who pled guilty to Count 1 received a sentence of 144 months. Haley Miller, who was along with Foley on the drug run to obtain illegal substances received a sentence of 24 months, see Presentence Investigation Report, page 3. While these defendants criminal histories do not compare to Foley's, their involvement is more in Garcia's case and at least the same in Miller's case yet the disparity created by the Sentencing Guideline Criminal History category and mandatory minimum sentence floor is notable. It is appropriate for the Court to consider all the other defendants' sentences in evaluating disparity in this case among the charged individuals, *United States v. Mendoza,* 457 F.3d 726, 731 (7th Cir. 2006). The mandatory minimum sentence of 240 months more than is an additional 120 months for Foley's prior criminal record and is more than sufficient to meet the ends of justice is sentencing contemplated by 18 U.S.C. 3553 (a).

Of some interest, although admittedly not a defendant who has similar record for similar conduct, is the federal defendant in New York, Quazi Nafis, who pled guilty to terrorism charges

for attempting to detonate a 1,000 pound truck bomb outside of the Federal Reserve Bank in New York and who, subsequently, received a sentence of 360 months, see exhibit attached. Foley, whose crimes pale in comparison to Nafis, stands exposed to a similar sentence.

## DOWNARD DEPARTURE

USG 5H1.4 clearly states that drug or alcohol dependence is not a reason supporting downward departure, however that section also states that an extraordinary physical impairment may be a reason to depart downward. The science of addition legitimizes that, in severely addicted persons, a brain abnormality exists that impairs normal brain function including judgment and reason. Further, USG 5K2.0 (a)(1)(A) states the court may depart upward or downward if there exists mitigating circumstances the kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines, in order to advance the objectives set forth in 18 U.S.C. 3553 (a)(2). Foley respectfully asserts that the guidelines do not adequately take into consideration the harsh and disproportionate nature of the mandatory minimum sentence enhancements and as such the court is justified in finding cause to downward part from the sentencing guideline range of 292 to 365 months.

Therefore for the following good reasons;

1.  Mr. Foley's personal history shows a severely, long-time addicted person whose criminal behavior has been driven by his addiction rather than for the purposes of financial gain.

2.  Mr. Foley has a strong family support system.

3. Mr. Foley is not a violent criminal or a drug kingpin and there is has been no evidence showing that he was a leader, organizer or manager in the instant offense.

4. Mr. Foley has shown considerable remorse for his criminal conduct.

5. Mandatory minimums and guideline calculations driven by the quantity of illegal drugs can lead to harsh and inappropriately long prison sentence, ignore the individual circumstances of the individual circumstance and do, in certain circumstances, prevent a judge from imposing s sentence that is tailored to the crime and circumstances of the individual defendant.

6. The Court, while required to calculate and take into consideration the United States Sentencing Commission Guidelines, is not bound by those calculations and must fashion a sentencing within the overarching dictates of 18 U.S.C. 3553 (a).

7. In this instant case, the mandatory minimum of 240 months, is a sufficient sentence to meet all of the sentencing directives set out in 18 U.S.C. 3553 (a).

Mr. Foley asks the Court to find that a sentence of the mandatory minimum of 240 months adequately meets all of the sentencing considerations set out in 18 U.S.C. 3553 (a)(2) and Defendant Foley respectfully asks the court to impose the sentence of 240 months.

Respectfully Submitted;

August 21, 2013                                    S/David E. Cook

                                                   David E. Cook

150 East 10th Street
Indianapolis, IN 42204

dcook@gslawindy.com

Tele  317 237 0627
Fax   317 237 0638

## CERTIFICATE OF SERVICE

**I hereby certify that on August 21, 2013 a copy of the foregoing was filed**

**electronically. Notice of this filing will be sent to the following parties by operation**

**of the Court's electronic filing system. Parties may access filing through the Court's**

**system.**

**Barry Glickman, Attorney**
**United States Attorney's Office**
**Barry.Glickman@usdoj.gov**

**Stephanie Ivie, US Probation Officer**
**United States Probation Department**
**Stephanie_Ivie@insp.uscourts.gov**

**S/S David E. Cook**

**David E. Cook**
**150 East 10th Street**
**Indianapolis, IN 46204**
**317-237-0627**
**dcook@gslawindy.com**