UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Cause No. 1:12-cr-00133-LJM-TAB-11 |
| | ) | |
| MICHAEL FOLEY, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO MOTION FOR
MODIFICATION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)**

Comes now the United States of America, by counsel, Josh J. Minkler, United States

Attorney, and Barry D. Glickman, Assistant United States Attorney, in response to defendant

Michael Foley's motion requesting this Court to reduce his previously imposed sentence of 300

months' imprisonment on the basis of an amendment to the United States Sentencing Guidelines

which reduced the offense levels for controlled substance offenses on November 1, 2014, and

makes the following response.

**I.      Background**

On August 15, 2012, the defendant Michael Foley (Foley) was charged in a twenty-six

count Indictment with conspiracy to possess with the intent to distribute and/or distribute 50

grams or more of methamphetamine, a Schedule II Non-Narcotic Controlled Substance, in

violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A)(viii), and 846

(Count One).1     On October 29, 2012, the United States filed an information pursuant to Title

21, United States Code, Section 851, alleging Foley's prior felony drug conviction.

---

1  Foley was not charged in the remaining counts in the Indictment.

On May 3, 2013, the United States and Foley entered into a Plea Agreement pursuant to Fed. R. Crim. P. 11(c)(1)(A) and (B) wherein Foley agreed to plead guilty to Count One of the Indictment.   [PA ¶ 1]   In consideration for the defendant's plea of guilty, the United States agreed to refrain from filing a second information pursuant to Title 21, United States Code, Section 851, alleging that Foley had a second prior drug felony conviction.   [PA ¶ 8]   Foley acknowledged that if the second information were filed, the penalties for the charge in Count One of the Indictment would be a mandatory term of life imprisonment.   *Id.*

The Plea Agreement also contained an appeal waiver provision in which Foley, in exchange for the concessions made by the United States, agreed to waive the right to appeal his conviction and sentence on any and all grounds, including the right to appeal conferred by 18 U.S.C. § 3742, and any right to contest, or seek to modify, his conviction or sentence or the manner in which it was determined, in any type of proceeding, including, but not limited to, an action brought under 18 U.S.C. § 3582 or 28 U.S.C. § 2255.   [PA ¶ 9]

Prior to the plea and sentencing hearing, the U.S. Probation Office prepared a Presentence Investigation Report (PSR).   Foley was found to be responsible for 58 kilograms of methamphetamine.   [PSR ¶ 25]   Foley was found to have a criminal history category of VI. [PSR ¶ 53]   Foley's base offense level was calculated at a 38.   [PSR & 25]   Foley received a two-level decrease for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and an additional one-level decrease for timely notifying authorities of his intention to enter a plea of guilty pursuant to U.S.S.G. § 3E1.1(b).   [PSR ¶¶ 32, 33]   Based on a total offense level of 35 and a criminal history category of VI, the guideline imprisonment range was 292 to 365 months. [PSR ¶ 95]   The statutory term of imprisonment was a term of 20 years to life, pursuant to 21 U.S.C. §§ 841(b)(1)(A) and 851.   [PSR ¶ 94]

On August 27, 2013, the Honorable Sarah Evans Barker, United States District Court Judge, sentenced Foley to a term of 300 months' imprisonment.   [Judgment at 2]   Foley's sentence was within the advisory sentencing guideline range.   This Court found that a term of 300 months was appropriate because Foley's "criminal history reflects his blatant law violations, and this sentence would provide him with an opportunity to correct his behavior".   [Statement of Reasons at IV]

On October 30, 2014, Foley filed a motion for modification of sentence pursuant to Amendment 782 of the Sentencing Guideline, and on January 25, 2016, Foley filed a *pro se* response to the Court's Show Cause Order.   Foley now asks this Court to reduce his sentence based on Amendment 782 of the Sentencing Guidelines.

**II.**    **Argument**

**Foley's Base Offense Level is Unaffected by Amendment 782 of the United States Sentencing Guidelines**

Pursuant to 18 U.S.C. § 3582(c)(2), a defendant's sentence may only be reduced when he was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."   Further, under the statute, a reduction is allowed only when "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." *See Dillon v. United States*, 560 U.S. 817, 827 (2010).

In Section 1B1.10, the Commission, consistent with the statutory directive that a reduction should occur only where the defendant's sentencing range was lowered, makes clear that a sentencing court is not authorized to reduce a defendant's sentence when a retroactive amendment does not result in lowering the applicable sentencing range for the defendant.   Specifically,

3

subsection (a)(2)(B) states:   "A reduction in the defendant's term of imprisonment is not

consistent with this policy statement and therefore is not authorized under 18 U.S.C.

§ 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the

defendant's applicable guideline range."   U.S.S.G. § 1B1.10(a)(2)(B).   The "applicable

guideline range" is defined in application note 1(A) as "the guideline range that corresponds to the

offense level and criminal history category determined pursuant to § 1B1.1(a), which is

determined before consideration of any departure provision in the Guidelines Manual or any

variance."

In this case, the defendant's sentence range has not changed.   Foley was held accountable

for distributing 58 kilograms of methamphetamine at sentencing.   [PSR ¶ 43]   As a result, this

Court sentenced Foley pursuant to a base offense level of 38.   *Id.*   The revised Sentencing

Guidelines provide for a base offense level of 38 where a defendant is responsible for 45 kilograms

or more of methamphetamine.   U.S.S.G. § 2D1.1(c)(1).   Consequently, Foley's base offense

level is unaffected by the recent guideline amendment and the defendant's base offense level

remains exactly what it was at the time of sentencing.

### Foley's Claim is Barred by Waiver.

Foley's motion is barred by the waiver provision of his Rule 11(c)(1)(A) and 11(c)(1)(B)

plea agreement.   Under the terms of the waiver, Foley acknowledged his statutory right to appeal

his conviction and sentence, and agreed in exchange for the concessions made by the United States

in the Plea Agreement, that he "expressly waives his right to appeal the conviction and any

sentence imposed in this case on any and all grounds, including the right to appeal conferred by

4

18 U.S.C. § 3742."   [PSR ¶ 9]   Foley also expressly agreed "not to contest, or seek to modify, his conviction or sentence or the manner in which it was determined in any type of proceeding, including, but not limited to, an action brought under 18 U.S.C. § 3582 or 28 U.S.C. § 2255."   *Id.*

Foley's § 3582(c)(2) motion seeks to modify his sentence.   *See, e.g.*, *United States v. Taylor,* 778 F.3d 667, 668 (7th Cir. 2015); *United States v. Monroe*, 580 F.3d 552, 556-57 (7th Cir. 2009).   As such, Foley's motion is barred by the waiver provision in his Plea Agreement.   *See United States v. Owens,* --- F. App'x ---, No. 15-2719, at 2-3 (7th Cir. Feb. 22, 2016) (non-precedential unpublished order).   As the Seventh Circuit explained in *Owens*, a defendant's waiver of any motion to "modify" sentence in a plea agreement precludes a motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(2).   The Court need go no further to resolve this case.

Accordingly, the defendant may not receive any relief under Section 1B1.10, and his motion should be denied.

WHEREFORE, the United States respectfully requests the Court deny defendant's Motion, and grant such other and further relief as the Court deems appropriate.

Respectfully submitted,

JOSH J. MINKLER
United States Attorney


By:   s:/Barry D. Glickman
     Barry D. Glickman
     Assistant United States Attorney
     Office of the United States Attorney
     10 West Market St., Suite 2100
     Indianapolis, IN 46204
     Phone:   (317) 226-6333
     E-mail:   barry.glickman@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 23, 2016, a copy of the foregoing Government's Response

in Opposition to Motion for Modification of Sentence was mailed, by First-Class Mail, postage

prepaid and properly addressed to the following:

    Michael Foley
    Reg. No. 10911-028
    Federal Correctional Institute
    P.O. Box 5000
    Greenville, IL 62246

                            By:    s:/Barry D. Glickman
                                   Barry D. Glickman
                                   Assistant United States Attorney