UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:12-cr-00133-SEB-TAB-11 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| MICHAEL FOLEY | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:12-cr-00133-SEB-TAB |
| | ) | |
| MICHAEL FOLEY, | ) -11 | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant Michael Foley has filed a motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 2160. For the reasons explained below, his motion is **DENIED**.

### I.    Background

In August 2013, Mr. Foley pleaded guilty to one count of conspiracy to possess with intent to distribute and/or to distribute 50 grams or more of methamphetamine (actual) in violation of 21 U.S.C. §§ 841(a)(1), 846, and 851. Dkt. 741; 746 at 1. According to the presentence investigation report, Mr. Foley was a distributor in a large-scale methamphetamine distribution conspiracy run by two inmates in the Indiana Department of Correction. Dkt. 723 at 7. The investigation of the conspiracy identified 793.7 grams of methamphetamine attributable to the conspiracy. *Id.*

Mr. Foley faced a guidelines range of 292 to 365 months of imprisonment. *Id.* at 22. The Court sentenced him to 300 months of imprisonment followed by 10 years of supervised release. Dkt. 746 at 2–3. The Bureau of Prisons ("BOP") currently reports Mr. Foley's anticipated release date (with good-conduct time included) as January 8, 2035. https://www.bop.gov/inmateloc/ (last visited June 10, 2024).

Mr. Foley has a motion for compassionate release. Dkt. 2160. Mr. Foley argues that he establishes extraordinary and compelling reasons for compassionate release because (1) Mr. Foley has been a victim of abuse while in the BOP; and (2) a change in the law has created a disparity between the sentence he is serving and the sentence he would likely receive today. Dkt. 2160 at 5, 8. The United States has responded in opposition to the motion, dkt. 2183, and Mr. Foley filed a reply, dkts. 2184, 2185. The motions are now ripe for the Court's consideration.

## II.   Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that district courts have broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The district court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). On this point, the United States Sentencing Commission recently amended the Guidelines Manual to identify several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. *See* U.S.S.G. § 1B1.13 (Nov. 2023).

Mr. Foley's first argued reason for compassion release is that he has been the victim of abuse while incarcerated. Dkt. 2160 at 5. The United States Sentencing Guidelines permit a court

3

to find that the abuse of an inmate constitutes an extraordinary and compelling reason for release where:

> The defendant, while in custody serving the term of imprisonment sought to be reduced, was a victim of:
>
> (A) sexual abuse involving a "sexual act," as defined in 18 U.S.C. § 2246(2) (including the conduct described in 18 U.S.C. § 2246(2)(D) regardless of the age of the victim); or
>
> (B) physical abuse resulting in "serious bodily injury," as defined in the Commentary to §1B1.1 (Application Instructions);
>
> that was committed by, or at the direction of, a correctional officer, an employee or contractor of the Bureau of Prisons, or any other individual who had custody or control over the defendant.
>
> For purposes of this provision, the misconduct must be established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding, unless such proceedings are unduly delayed or the defendant is in imminent danger.

U.S.S.G. § 1B1.13(b)(4).

Mr. Foley states that a correctional officer working for the BOP plead guilty to making a materially false statement to a federal law enforcement officer which charges arose from an improper sexual relationship with Mr. Foley while he was in the control of the BOP. *Id.* at 5–8. The Government argues that the relationship was consensual, and, though Mr. Foley could not legally consent to the relationship, he cannot claim that he was the victim of sexual abuse because he sought out the relationship and the officer smuggled contraband to him while in prison. Dkt. 2183 at 38–40.

The Court will assume without deciding that Mr. Foley as established that his abuse while incarcerated is an extraordinary and compelling reason for compassionate release.[1] The Court

---

[1] Because the Court assumes without deciding that Mr. Foley has established an extraordinary and compelling reason for release, the Court need not consider whether Mr. Foley's remaining argued reasons

4

nevertheless finds that Mr. Foley is not entitled to compassionate release because the sentencing factors under 18 U.S.C. § 3553 do not weigh in his favor.[2] Weighing in his favor, he has engaged in a substantial amount of programming while incarcerated including drug education. Dkt. 2160-5. On the other hand, Mr. Foley committed a serious crime and has an extensive criminal history including nine prior felony convictions. Dkt. 723 at 10–15. Five of these convictions involve conduct related to controlled substances. *Id.* at 10–14. He also has a lengthy disciplinary history while in BOP which includes 13 violations between 2015 and 2022. Dkt. 2160-3. Mr. Foley's willingness to comply with release conditions is also a concern for the Court given his felony escape conviction which involved failure to comply with the requirements of his work release program. *Id.* at 14. Further, Mr. Foley is not scheduled to be released from prison until January 2035; thus, releasing him now would be a substantial reduction in his sentence.

In light of these considerations, the Court finds that releasing Mr. Foley early would not reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, or protect the public from further crimes. *See United States v. Ugbah*, 4 F.4th 595, 598 (7th Cir. 2021) ("[A]ll a district judge need do is provide a sufficient reason for [denying relief under § 3582(c)(1)]. One good reason for denying a motion . . . is enough; more would be otiose.").

---

for release are extraordinary and compelling. However, the Court has considered them insofar as they are relevant to the § 3553(a) sentencing factors.

[2] The factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

### III. Conclusion

For the reasons stated above, Mr. Foley's motion for compassionate release, dkt. [2160], is **denied**.

**IT IS SO ORDERED.**

Date:  6/28/2024

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel